IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERNERD RICHARDSON,

    Petitioner,

v.                                                                  CASE NO. 1:16-cv-321-MP-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER AND**
**REPORT AND RECOMMENDATION**

Petitioner, an inmate serving a sentence in the custody of the Department of Corrections, initiated this case by filing ECF No. 1, a "petition for writ of advise [sic] to judge," construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1], ECF No. 2, a motion for leave to proceed as a pauper, ECF No. 3, a motion for appointment of counsel, and ECF No. 5, a motion for a telephone hearing.

Petitioner failed to use the Court's form for § 2254 habeas corpus

---

[1] "A federal court may recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." *Rameses v. United States Dist. Court*, 523 F. App'x 691, 695 (11th Cir. 2013) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)). Accordingly, because there is no question that Petitioner is in custody pursuant to the judgment of a state court and is challenging his conviction, the Court recharacterizes his Petition as one under § 2254.

petitions.  Pursuant to N.D. Fla. Local Rule 5.7, a *pro se* petitioner *must* file a habeas petition on the Court's form, and the "Court need not–and ordinarily will not–consider a [petition] that is not filed on the proper form."

Further, the Petition challenges Petitioner's 2006 Levy County conviction for lewd or lascivious battery on a child less than 16 years of age.  Petitioner contends that the charging information was defective with respect to identification of the victim and that the state court therefore lacked jurisdiction.   *See* ECF No. 1.

Petitioner previously filed a § 2254 petition challenging the same conviction.  *See Richardson v. Sec'y, DOC*, Case No. 1:15-cv-139-MP-GRJ (N.D. Fla. 4/28/16). That petition was dismissed as untimely on April 28, 2016, and a certificate of appealability was denied.  *Id*. ECF No. 42.

In order to file a second or successive § 2254 petition, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely).  Absent authorization, the district court lacks

jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

The dismissal of Petitioner's first § 2254 petition as untimely constitutes an adjudication on the merits for the purposes of invoking the second or successive petition requirements of § 2244(b)(3). *See Jordan*, 485 F.3d at 1353 (requiring petitioner to obtain an order from the appellate court prior to filing a second or successive § 2254 petitioner after the first § 2254 petition was dismissed as untimely); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjuidcation on the merits that renders future petitions under § 2254 challenging the save conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (a previous § 2254 petition dismissed as untimely constitutes an adjudication on the merits because a statute of limitations bar operates as an irremediable defect barring consideration of the substantive claims).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition.

*Page 4 of 4*

Accordingly, this Court lacks authority to consider his Petition.

In light of the foregoing, it is **ORDERED** that the motions, ECF Nos. 2, 3, and 5, are **DENIED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** this 26th day of October 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.